UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ANGELA F. SOUTHERN, on behalf of minor child, N.S., ) ) ) Plaintiff, ) ) V. ) ) FAYETTE COUNTY PUBLIC ) SCHOOLS, et al., ) ) Defendants. ) | Civil Action No. 5: 14-208-DCR<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 29, 2014, *pro se* Plaintiff Angela Southern submitted materials which were docketed as a Complaint, naming the Fayette County Public Schools[1], Tom Shelton, Superintendent of the Fayette County Public Schools, Kathy Dykes, the Special Education Director with the Fayette County Public Schools, and the Kentucky Department of Education as defendants. Southern asserts that her minor child (referred to as "N.S.") has been diagnosed with autism, epilepsy, and moderate mental retardation. Through the materials filed with the Court, Southern seeks to assert a claim for monetary damages based on allegations that the school system denied certain educational benefits to N.S. [Record No. 1] More specifically, Southern's hand-written Complaint asserts that the school system: (i) denied N.S. a free appropriate public education ("FAPE"); (ii) failed to implement the child's

---

[1] The Court notes that the Fayette County Board of Education has not been sued. Further, the Fayette County Public Schools is not an entity capable of being sued. *Nelson v. County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 625 (Ky. 2011).

Individual Educational Plan ("IEP"); (iii) failed to educate N.S. for six years; and (iv) failed to provide special transportation to N.S. In addition to these claims, Southern alleges that "the privacy act was also violated with the Lexington Herald-Leader on the internet when a news article was published about special transportation regarding child and mother."

On June 23, 2014, the defendants jointly moved the Court to dismiss the Complaint filed on behalf of N.S. [Record No. 5] Although the defendants have not been served, they claim that their motion will protect the interests of the minor child under the Individuals with Disabilities Education Act ("IDEA") and in light of the three-year statute of limitations provided by KRS § 157.224(6). The defendants assert that, "immediate action by the Court is necessary to consider the arguments raised [in their motion] and to take such action as is deemed appropriate to protect the interests of N.S., including by dismissing this action so that Southern can initiate whatever administrative claim is deemed appropriate to assert claims on behalf of N.S. in the appropriate forum." [Id., p. 3] The defendants also argue that the Complaint should be dismissed because Southern may not proceed *pro se* on behalf of her daughter, FERPA does not provide a private cause of action, and the administrative remedies provided under IDEA have not been exhausted. [*See* Record No. 5-1]

### A. The IDEA

As an initial matter, the defendants assert that dismissal of claims asserted under the IDEA is mandated either by Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. Statutory language of the act relevant to the defendants' argument provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation

> Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). The defendants contend that, regardless of whether this language is viewed as setting out a jurisdictional prerequisite, dismissal is appropriate.[2] They argue that even under a Rule 12(b)(6) analysis, the plaintiff's claims should be dismissed because: (i) Southern may not proceed in a *pro se* capacity on behalf of N.S. because no claims under the IDEA are asserted on behalf of Southern and (ii) Southern may not proceed *pro se* on behalf of N.S. to prosecute other claims.

As a general rule, individuals who are not attorneys may not represent others in a *pro se* capacity. But as an exception to this rule, parents may proceed *pro se* on behalf of themselves *and* their child under the IDEA. *Winkelman v. Parma City School District*, 550 U.S. 516 (2007). In *Winkleman*, the Court held that parents who had proceeded without counsel during an administrative proceeding should not be barred from continuing to assert rights in federal court under the IDEA once the administrative proceeding has ended. *Id.* at 526. This is because the IDEA creates rights for parents which are intertwined with the substantive rights of the child. *Id.* at 531.

Unlike the facts presented in *Winkleman*, Southern does not attempt to assert claims on her own behalf. Instead, she attempts to assert claims only on behalf of N.S. Thus, the

---

[2] Citing *Mosley v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 532-33 (7th Cir. 2006), the defendants acknowledge that at least one federal appellate court had held that it would not be proper to analyze a motion to dismiss brought under 20 U.S.C. § 1415(1) under Rule 12(b)(1) of the Federal Rules of Civil Procedure because exhaustion of administrative remedies is not a jurisdictional issue under the IDEA. [Record No. 5, p. 4-5] It does not appear, however, that the Sixth Circuit had spoken on this issue.

limited exception to the general rule regarding *pro se* litigants is inapplicable here. Accordingly, the Court concludes that Southern may not proceed in a *pro se* capacity in which she seeks solely to vindicate the rights of N.S. under the IDEA.[3]

### B. The Family Educational Rights and Privacy Act

While the Family Educational Rights and Privacy Act ("FERPA") imposes privacy requirements on educational agencies and institutions as a condition for those entities to receive federal funding, the act does not create private causes of action. *Gonzaga University v. Doe*, 536 U.S. 273 (2002). Further, the non-disclosure protections under FERPA are limited to institutional policies or practices that violate rather than "individual instances of disclosure." *Id.* at 288 (citing 20 U.S.C. §§ 1232g(b)(1)-(2)). The applicable sections of FERPA only contemplate denying funding to educational agencies that "ha[ve] a policy or practice of permitting the release of education records" or identifying information from education records. *Id.* (quoting 20 U.S.C. §§ 1232g(b)(1)-(2)).

Here, Southern asserts that certain individuals at her child's school violated privacy rights by posting comments in response to an article on the website of the Lexington Herald-Leader newspaper. She does not allege that the defendants promoted any type of online commenting policy or practice that violated N.S.'s privacy, as would be required under *Gonzaga University*. *Id.* Further, the Complaint does not allege that the online article or comments disclosed any education documents or any identifying information from such documents. Because the Complaint alleges violations only on the basis of individual

---

[3] The defendant also correctly points out that even if Southern could proceed pro se solely on behalf of her daughter under an expanded reading of *Winkelman*, her claims would be limited to those asserted under the IDEA. She could not assert claims under other provisions of federal or state law.

instances of online comments and not institutional policies or practices, Southern does not state a viable cause of action under FERPA. Therefore, her claims under FERPA will be dismissed.

### C. Exhaustion of Administrative Remedies

The IDEA allows a party to bring civil action but not until the administrative procedures set out in §1415(f) and §1415(g) are exhausted. 20 U.S.C. § 1415(l). These procedures include an impartial due process hearing and an appeal of the decisions arising from that hearing. *Id.* § 1415(f), (g). If the alleged injury is of the type that could be redressed by these administrative procedures, a plaintiff is required to exhaust these procedures under these sections of the IDEA. *S.E. v. Grant County Bd. Of Educ.*, 544 F.3d 633, 642-43 (6th Cir. 2008) (citation omitted). Kentucky has similar provisions for an administrative hearing and appeal set out in KRS 157.224 and 707 KAR 1:340 §§ 8-12. However, the state complaint process does not afford a plaintiff all of the protections outlined in 20 U.S.C. § 1415, including the right to confront and cross-examine witnesses or the compilation of a comprehensive administrative record. *Compare* 20 U.S.C. § 1415(h)-(i), *with* KRS 157.224, *and* 707 KAR 1:340 §§ 8-12. Because of these differences, the state administrative procedures do not provide a satisfactory substitute for the federal administrative procedures in § 1415.

In her Complaint, Southern asserts disability discrimination under the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act of 1973 ("§ 504")[4] and

---

[4] Though not specifically stated in the Complaint, the Court adopts the defendants' assumption that Southern intended to assert claims under the ADA or § 504 based on the phrases "discrimination of disability" and "discriminated based on disability."

violation of the IDEA. [Record No. 1-3] While relief may be sought in a civil action under these acts, the mandatory administrative procedures established in § 1415(f) and § 1415(g) have not yet been exhausted. Southern contends that she filed a "formal Complaint . . . with the State Department."[5] [Record No. 1-3] But as stated above, for the purpose of protecting the rights of the plaintiff in actions brought under these acts, Southern's state complaint and the subsequent decision on that complaint is not a substitute for federal administrative procedures.

And even if Southern's state complaint were found to be a satisfactory substitute for the due process hearing required by § 1415(f), she has not exhausted all of the necessary administrative procedures to be entitled to bring a civil action. There is no evidence that Southern sought an appeal of the decision rendered on her state complaint, which would be required prior to filing a civil action on these claims. 20 U.S.C. § 1415(l). Because Southern has not exhausted the necessary administrative procedures prior to filing a civil Complaint on claims under the ADA or § 504 and under IDEA, these claims will be dismissed.

**D.     Individual and Vicarious Liability, Insufficiency of Complaint, and Jurisdiction Over State Tort Claim**

The defendants make several other arguments in support of their argument that the Complaint should be dismissed. [*See* Record No. 5-1, pp. 11-17] First, they assert that there is no individual liability under the IDEA, FERPA, ADA, or § 504 based on the designation of those provisions as "Spending Clause Legislation." [*Id.*, p. 11] The defendants also contend that there is no vicarious liability for the state slander claim, but give no further

---

[5] This document is in the record, labeled Record No. 1-4.

explanation. [*Id.*] Next, the defendants argue that the Complaint is insufficient under Rule 8(a) of the Federal Rules of Civil Procedure because it contains only legal conclusions and gives few specific facts. [*Id.*, p. 12] Lastly, the defendants assert that the Court may not exercise jurisdiction over the state law slander claim based on the assumption that Southern's federal claims are improper, making it impossible to attach a state claim under 28 U.S.C. 1367(a). [*Id.*, p. 17] While these claims may have merit, they are contrary to the purposes served by dismissing the complaint at this early stage.

The defendants initially argued that the Court should promptly dismissing this matter before service of process or summons to protect the rights and interests of N.S. [*Id.*, p. 3] It is true that the plaintiff's Complaint should be dismissed quickly and without prejudice so that Southern and N.S. have the opportunity to comply with the administrative procedures discussed above and bring any subsequent action that may be appropriate. The Court also recognizes the need for efficiency to avoid potential problems with the statute of limitations after exhaustion of administrative remedies. These final arguments by the defendants seem to go beyond that purpose. Therefore, the Court declines discuss or base its decision on these issues.

For the reasons stated above, it is hereby

**ORDERED** as follows:

1. The Defendant's Joint Motion to Dismiss [Record No. 5] is **GRANTED**.

2. Plaintiff Angela Southern's Complaint, filed on behalf of her minor child, N.S., is **DISMISSED**, without prejudice, from the Court's docket.

This 24th day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge